**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

*FILED*

*APR 1 9 2002*

*MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT*

| | | |
|---|---|---|
| DAVID McINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 02 C 1537** |
| | ) | |
| HOUSEHOLD BANK, | ) | **Judge Ruben Castillo** |
| | ) | |
| Defendant. | ) | |

*DOCKETED*

*MAY 0 1 2002*

## NOTICE OF MOTION

TO:

| | |
|---|---|
| James Shedden | Brian W. Warwick |
| Charles D. Marshall | Janet R. Varnell |
| Beeler, Schad & Diamond, P.C. | Varnell & Warwick, P.A. |
| 332 S. Michigan Ave. Suite 1000 | 20 LaGrande Blvd. |
| Chicago, Illinois 60604 | The Villages, FL 32159 |

Please take note that on **Tuesday, April 30th at 9:45 a.m.,** Defendant Household

Bank. shall appear in front of the Honorable Ruben Castillo in Room 2319 at 219 South

Dearborn Street, Chicago, Illinois 60604 and then and there present the attached **Motion to Stay**

**Proceedings Pending Arbitration,** a copy of which is hereby served upon you.

Dated: April 19, 2002

Respectfully submitted,

HOUSEHOLD BANK

By: _Mwnlw /H_

One of its attorneys

George R. Dougherty
Maile H. Solís
GRIPPO & ELDEN
227 W. Monroe St., Suite 3600
Chicago, IL 60606
(312) 704-7700

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DOCKETED

MAY 0 1 2002

| | | |
|---|---|---|
| DAVID McINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 02 C 1537 |
| | ) | |
| v. | ) | Judge Ruben Castillo |
| | ) | |
| HOUSEHOLD BANK, | ) | |
| Defendants. | ) | |
| | ) | |

FILED

APR 19 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## DEFENDANT HOUSEHOLD BANK'S MOTION TO STAY
## PROCEEDINGS PENDING ARBITRATION

Defendant Household Bank ("Household"), by its attorneys, hereby moves this

Court to stay all proceedings in this action pending arbitration. The legal basis for this motion is

set forth in Household's memorandum of law filed concurrently herewith and incorporated

herein by reference.

WHEREFORE, Defendant Household Bank respectfully requests that this Court

stay all proceedings in this action in favor of arbitration.

Dated: April 19, 2002

Respectfully submitted,

HOUSEHOLD BANK

By: _____
One of its Attorneys

George R. Dougherty
Maile H. Solís
GRIPPO & ELDEN (#17044)
227 W. Monroe St., Suite 3600
Chicago, IL 60606
(312) 704-7700

9747v1



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED

APR 1 9 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| DAVID McINTYRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02 C 1537 |
| | ) | |
| HOUSEHOLD BANK, | ) | Judge Ruben Castillo |
| | ) | |
| | ) | DOCKETED |
| Defendant. | ) | MAY 0 1 2002 |

## DEFENDANT HOUSEHOLD BANK'S MEMORANDUM SUPPORTING
## ITS MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

### INTRODUCTION

This Court is not the proper forum for this action because it must be arbitrated.
The Cardholder Agreement and Disclosure Statement ("Disclosure Statement," attached as
Exhibit A hereto), to which plaintiff specifically agreed to be "bound," requires arbitration of
"any claim, dispute, or controversy . . . arising from or relating to [the] Agreement or the
relationships which result from [the] Agreement, including the validity or enforceability of
the . . . entire Agreement." (Id.) This broad language covers the claims alleged herein. Because
Household Bank ("Household") has elected to submit to binding arbitration to resolve this claim
and has informed plaintiff of this fact, the Court should stay this action pending arbitration.

### FACTUAL BACKGROUND

Plaintiff's claims arise from a credit card account that he had with Household.
Although he claims that the Master Card was sent to him "without a request or application from
him," that statement is untrue. In fact, plaintiff received a written solicitation from Household
inviting him to apply for a credit card, to which he responded, in February 2000, by paying a $19

1



application processing fee and completing and signing the application. (Credit Card Application, hereinafter "Application," attached as Exhibit B hereto.)[1] By completing and signing the application, plaintiff specifically agreed "to be bound by the terms and conditions contained in the Household Bank Agreement and Disclosure Statement."

Plaintiff admits he received the Disclosure Statement. (Complt. at ¶¶ 6-8.) It provides that any claim "arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of . . . the entire Agreement" would be submitted to arbitration upon the election of either party. (Ex. A, Disclosure Statement). The Disclosure Statement further provides that the agreement to arbitrate would be "governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16 (the "FAA")" and that the agreement itself becomes effective as of the "first use" of the account.[2] Plaintiff contends that Household used the account by charging the annual fee on the account. (Complt. at ¶ 11.) This act provides the basis for plaintiff's alleged claims: alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, et seq., and a tort claim for unjust enrichment.

Household has informed plaintiff, by letter, that it has elected to arbitrate, rather than litigate, these claims, and has requested that plaintiff agree to stay this action in favor of arbitration.

---

[1] A more legible sample of the application form is attached as Exhibit B along with the application actually signed by the plaintiff.
[2] The Disclosure Statement was subsequently amended. The operative language of the arbitration clause did not change. (Amendment to Disclosure Statement, attached as Exhibit C hereto).

## ARGUMENT

**I.      THE COURT SHOULD STAY THIS ACTION PENDING ARBITRATION.**

    **A.      The Federal Arbitration Act Requires Arbitration.**

The arbitration clause of the Disclosure Statement specifically provides for application of the Federal Arbitration Act:

> This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. sections 1-16 (the "FAA"). The arbitrator shall apply applicable substantive law consistent with the FAA . . .

(Ex. A, Disclosure Statement.) The FAA requires arbitration if (1) the parties have a written agreement to arbitrate and (2) the dispute is covered by the arbitration agreement. See 9 U.S.C. § 4.

Arbitration is a "favored means of dispute resolution." Lieschke v. Realnetworks, Inc., 2000 WL 198424 (N.D. Ill. Feb. 11, 2000) (the FAA establishes a "clear policy favoring arbitration.") Therefore, courts must liberally construe any contractual language pertaining to arbitration and resolve any doubts in favor of arbitration." Id.

    **1.      The parties have a written agreement to arbitrate.**

The Disclosure Statement to which the plaintiff agreed to be "bound" contains an arbitration provision. In deciding whether to compel the parties to arbitrate their claims, a federal court may consider only issues relating to the arbitration clause itself. See Dorsey v. H.C.P. Sales, Inc., 46 F. Supp. 2d 804, 806 (N.D. Ill 1999) (Castillo, J.), citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 404 (1967). Claiming that a contract is voidable or the product of fraudulent inducement is not sufficient to void an arbitration clause. See Prima Paint, 388 U.S. at 404; Dorsey, 46 F. Supp. 2d at 806, citing Colfax Envelope Corp. v. Local 458-3M, Chicago Graphic Communications Int'l Union, 20 F.3d 750, 754 (7th Cir. 1994).

Here, the parties clearly have a written agreement to arbitrate. Plaintiff applied for the Household Bank credit card, paid a $19 processing fee, and explicitly agreed to be "bound" by the Disclosure Statement. There is no dispute that the Account was "use[d]." These acts create an agreement to arbitrate. Although plaintiff may dispute whether such "use" was authorized by him, that dispute goes to the interpretation of the parties' agreement, and should be decided by an arbitrator. See Flender v. Techna-Quip Co., 953 F.2d 273, 277 (7th Cir. 1992) (in deciding whether dispute is arbitrable, court must focus solely on arbitration clause; if court determines that underlying contractual dispute is within the ambit of arbitration agreement, resolution of that dispute is for the arbitrator).

### 2. The dispute between the parties is covered by the arbitration provision.

The underlying dispute between the parties is clearly covered by the Disclosure Statement's arbitration provision. In deciding whether a dispute is covered by an arbitration agreement, a court should consider the "liberal federal policy favoring arbitration" expressed by Congress in the FAA. See Moses H. Cone Memorial Hosp. v. Mercury Contr. Corp., 460 U.S. 1, 24-25 (1983); Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd., 1 F.3d 639, 641 (7th Cir. 1993) ("the Federal Arbitration Act embodies a strong federal policy in favor of arbitration.") Because of this public policy favoring arbitration, any ambiguities or doubts regarding the arbitrability of a dispute or claim should be resolved in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626 (1985), quoting Moses H. Cone, 460 U.S. at 24-25; accord AT&T Tech., Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986) ("there is a presumption of arbitrability . . . . Doubts should be resolved in favor of coverage").

Thus, a party seeking to avoid arbitration must show "the most forceful evidence of a purpose to exclude [its claims] from arbitration." TNT Contract Logistics, Inc. v. Officemax, Inc., 1995 WL 423637 (N.D. Ill. July 17, 1995), citing AT&T Tech., 475 U.S. 643; accord, Sweet Dreams, 1 F.3d 639; Kroll v. Doctor's Assoc., Inc., 3 F.3d 1167, 1170 (7th Cir. 1993); Schacht v. Beacon Ins. Co., 742 F.2d 386, 390 (7th Cir. 1984). Arbitration should not be denied "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Livingston v. Associates Finance, Inc., 2002 WL 424352, *2 (N.D. Ill. March 6, 2002).

Under these standards, the present dispute plainly must be arbitrated. Plaintiff's putative claims against Household all "aris[e] from or relat[e] to [the] Agreement and the relationships which result from [this] Agreement." (Ex. A, Disclosure Statement). Plaintiff and Household had no relationship but for the terms and conditions of the Disclosure Statement and the application. Further, the parties specifically agreed to arbitrate any claims, disputes or controversies "whether based upon contract; tort, intentional or otherwise; constitutions; statute; common law; or equity and whether pre-existing, present or future." (Id.) Finally, courts have routinely held that actions under the Truth in Lending Act and Illinois Consumer Fraud Act are appropriate for arbitration. See, e.g., Arellano v. Household Finance Corporation, 2002 WL 221604 (N.D. Ill. Feb. 13, 2002) (staying TILA action pending arbitration); Brown v. Surety Finance Svc., Inc., 2000 WL 528631 (N.D. Ill. March 24, 2000) (same); Thompson v. Illinois Title Loans, Inc., 2000 WL 45493 (N.D. Ill. Jan. 11, 2000) (staying TILA and ICFA actions pending arbitration).

In sum, this action should be stayed in favor of arbitration.

## CONCLUSION

For all the foregoing reasons, defendant Household Bank respectfully requests that this Court stay this case in favor of arbitration.

Respectfully submitted,

HOUSEHOLD BANK

Dated:  April 19, 2002          By:  _____
One of its Attorneys

George R. Dougherty
Maile H. Solís
GRIPPO & ELDEN
227 W. Monroe St., Suite 3600
Chicago, Illinois 60606
(312) 704-7700

9725v1

6

# SEE CASE FILE FOR EXHIBITS