# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1537 | **DATE** | 5/13/2004 |
| **CASE TITLE** | David McIntyre vs. Household Bank | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to continue stay of proceedings pending arbitration [24-1] is denied. Settlement conference set for 6/15/04 at 4:30 p.m. Parties to file a joint status report on or before 6/10/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | | |
| RO | courtroom deputy's initials | | | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

DAVID MCINTYRE,                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        No. 02 C 1537
                                    )
HOUSEHOLD BANK,                     )        Judge Ruben Castillo
                                    )
        Defendant.                  )

## MEMORANDUM OPINION AND ORDER

This opinion addresses Defendant Household Bank's ("Household") Motion to Continue

Stay of Proceedings Pending Arbitration, (R. 24-1). Plaintiff David McIntyre ("McIntyre")

opposes Household's motion and argues that the arbitration properly concluded when the

arbitrator found that McIntyre was not bound to arbitrate his claims. (R. 30, Pl.'s Resp. at 2-6.)

For the reasons set forth below, we deny Household's motion to continue the stay previously

entered in this case.

In our August 19, 2002 Memorandum Opinion and Order, we found that McIntyre and

Household entered into a contract when Household approved McIntyre's credit card application

and mailed him a credit card and a Household Bank Cardholder Agreement and Disclosure

Statement ("Agreement"). (R. 18-2.) We found that in signing the credit card application,

McIntyre agreed to be bound by the terms of the Agreement. Because the Agreement included a

valid arbitration clause, we ordered McIntyre to submit his claims to arbitration.[1] (*Id.* at 4.)

Although McIntyre argued that the terms of the Agreement were not binding on him due to the

---

[1]We expressly retained jurisdiction to address any legal issues remaining after the
conclusion of the parties' arbitration proceeding. (*Id.* at 8.)

failure of a condition precedent, we found that this contractual issue, "as well as the merits of McIntyre's underlying causes of action, are for the arbitrator to decide." (*Id.* at 5.)

Following our order, McIntyre submitted his claim that the Agreement was not binding on him to the arbitrator. Because the Agreement stated that "[t]he terms and conditions of the Agreement become effective as of the first use of the Card or Account," (R. 23, Arbitration Award at 3), the arbitrator found that "McIntyre's use of the credit card was a condition precedent to the terms and conditions of the Agreement becoming effective." (*Id.* at 10.) The arbitrator further found that because McIntyre never used the credit card, the terms of the Agreement— including the arbitration clause—never became effective. (*Id.*) As a result, the arbitrator found that McIntyre was not bound to arbitrate his remaining claims and stated that "the arbitration is concluded." (*Id.*)

The arbitrator's findings fall within the directives of our August 19, 2002 order. As that order made clear, a court's duty on a motion to stay under § 3 of the Federal Arbitration Act, 9 U.S. C. §§ 1-16, *et seq.*, is to determine whether the parties are bound by an agreement containing a valid arbitration clause. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Once the court makes that determination, it is the arbitrator's role to consider any arguments about the validity or enforceability of the entire contract, including the failure of a condition precedent. *Schacht v. Beacon Ins. Co.*, 742 F.2d 386, 390 (7th Cir. 1984). Here, we found that McIntyre and Household had indeed entered into a contract equipped with a facially valid arbitration clause. As a result, we found that McIntyre's claim that the Agreement was not enforceable, as well as the merits of his underlying causes of action, were arbitrable. (R. 18-2, Aug. 19, 2002 Order at 5.) The arbitrator followed our instructions and determined that the

2

Agreement was not enforceable against McIntyre. (R. 23, Arbitration Award at 10.)

In its present motion, Household contends that McIntyre should not be allowed to proceed with its remaining claims in this Court because he was "specifically ordered by the Court to arbitrate all of his alleged claims against Household." (R. 24, Def.'s Mot. at 3.) Household misunderstands the nature of the August 19, 2002 order. Our statement that the merits of McIntyre's underlying claims were also for the arbitrator to decide necessarily hinged upon the arbitrator finding that Agreement containing the arbitration clause was enforceable against McIntyre. We submitted that underlying contractual dispute to arbitration, and the arbitrator found that McIntyre's agreement to arbitrate never became effective. We will not hold McIntyre hostage to the arbitral process on the remainder of his claims when the arbitrator expressly found that Household and McIntyre's agreement to arbitrate was unenforceable. To do so would contradict the voluntary and contractual nature of commercial arbitration. *See IDS Life Ins. Co. v. Royal Alliance Assoc.*, 266 F.3d 645, 649 (7th Cir. 2001).

Our August 19, 2002 order stayed these proceedings only so long as arbitration is pending. (R. 18-1.) The arbitration is now complete. (R. 23, Arbitration Award at 10.) Household's Motion to Continue Stay of Proceedings Pending Arbitration, (R. 24-1), is therefore denied.

This Court will hold an expedited settlement conference in this case on June 15, 2004 at 4:30 p.m. A new joint status report will be due on or before June 10, 2004. The parties are requested to fully exhaust all settlement possibilities for this dispute before filing any further pleadings in this lawsuit.

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

Dated: May 13, 2004

3